IRMA E. WHITEMAN *vs.* LOUIS C. WHITEMAN.

1. REPLEVIN—PURPOSE OF ACTION.

Replevin lies for possession of goods and chattels unlawfully detained from the owner, the primary object of the action being the recovery of the property, with damages for the taking and detention, and the usual object being the recovery of a sum of money equivalent to the value of the property.

2. HUSBAND AND WIFE—PERSONALTY OF WIFE.

At common law the personal property of the wife reduced to husband's possession became his property, a rule which no longer prevails in Delaware, under *Rev. Code* 1915, §§ 3055, 3058, 3059.

3. HUSBAND AND WIFE—SOLE PROPERTY OF WIFE—PROPERTY ACQUIRED FROM HUSBAND—STATUTES.

A wife cannot claim that property acquired directly from her husband is her sole and separate property, within *Rev. Code* 1915, §§ 3055, 3058, 3059.

4. HUSBAND AND WIFE—SOLE PROPERTY OF WIFE—ACQUISITION OTHER THAN FROM HUSBAND—REPLEVIN.

If property taken from a wife under writ of replevin sued out by a creditor of her husband was acquired by the wife in any manner whatsoever, including gift on the occasion of her wedding, from any person other than her husband, or from her personal labor not performed for her family, the wife is entitled to such property under *Rev. Code* 1915, §§ 3055, 3058, 3059, as to the property rights of married women.

(*December* 11, 1918.)

BOYCE and RICE, J. J., sitting.

*Charles B. Evans* and *David J. Reinhardt* for plaintiff.

*Levin Irving Handy* for defendant.

Superior Court for New Castle County, November Term, 1918.

REPLEVIN, No. 9, May Term, 1918.

Action of replevin by Irma E. Whiteman against Louis C. Whiteman—the father-in-law of the plaintiff—to recover the possession or value of certain household goods and articles of personal property. Verdict for plaintiff, also for defendant.

The declaration contains one count in the detinuit. The plaintiff claimed that of the various articles enumerated in the writ of replevin, taken by the sheriff thereunder, some, including a piano and buffet were given to her by her husband as Christmas presents, others were wedding presents given to her, others were purchased by her out of money given to her at various times by her husband, and others were canned fruit and canned vegetables, preserves and jelly which were put up by her, the vegetables having been practically raised by her in the garden. She further claimed that she was obliged to leave her home in Mill Creek hundred because of cruel treatment by her husband and that soon thereafter she learned that her said goods had been taken to the home in the said hundred of her husband's father, Louis C. Whiteman, the defendant, in whose possession the goods were when replevied, and who claimed them as purchaser from his son, the plaintiff's husband, prior to the issuance of the writ of replevin, the consideration therefor being the amount of the debt of the son to another which the defendant had paid for his son, equivalent to the value of the property.

The defendant prayed that the court instruct the jury that the gifts which a wife receives from her husband are not her property in a way that they are protected from his creditors, such as the father is in this case; that the product of the labor which a wife performs while living with her husband, such as the preserves and canned goods in the present case, belongs to her husband; that the jury find in favor of the defendant for the value of the goods which were taken from him as disclosed by the evidence, because they had been given to her by her husband.

The plaintiff contended that the husband could not sell or transfer any property belonging to his wife, such as the wedding presents and the other articles which is shown by the evidence

to belong to her. She also contended that a husband could not dispose of property against the wife's consent which he had theretofore given to her.

BOYCE, J., charging the jury:

This is an action of replevin brought by Irma E. Whiteman against Louis C. Whiteman for the recovery of certain personal property which the plaintiff claims rightfully belongs to her.

[1] Replevin lies for the possession of goods and chattels unlawfully detained from the owner or the person entitled to the possession thereof. The primary object of the action is the recovery of the property itself with damages for the taking and detention thereof. Usually the object is the recovery of a sum of money equivalent to the value of the property.

The question for your determination under the evidence is, who, as between the parties to this action, was entitled to the possession of the property taken by the sheriff under the writ of replevin at the time of the issuance of the writ?

[2] The defendant acquired whatever right he has to the property from his son, the husband of the plaintiff, under an alleged sale between them. At common law the personal property of the wife reduced to the husband's possession became his property. This rule of law no longer prevails in this state and the court has been requested to direct your attention to the following provisions in the *Revised Code* of 1915. By *section 3059*, it is provided:

"Any married woman may receive the wages of her personal labor not performed for family, and maintain an action therefor in her own name."

*Section 3058* provides:

"The real and personal property of any married woman acquired in any manner whatsoever from any person other than her husband, shall be her sole and separate property."

*Section 3055* provides:

"The real estate, mortgages, stocks and silver plate belonging to any married woman at the time of her marriage, or to which she may become entitled at any time during her coverture, shall remain and continue to be her sole and separate property."

This court, in the case of *Stockwell v. Baird*, 1 *Mar.* 420, 31 *Atl.* 811, having under consideration said *section* 3058 said:

"So that by the special terms of this law, there is an inhibition against the wife's acquiring property directly from her husband. This statute is in derogation of the common law, and while it gives the wife the right to take property from any other person than her husband and to hold it as her sole and separate property, it expressly negatives the idea that the wife can take property directly from the husband."

[3] You will observe, therefore, that the wife cannot claim property as her sole and separate property which she acquires directly from her husband.

So that if any of the property which was taken under the writ of replevin in this case was acquired by the plaintiff from her husband, she cannot have a recovery for such property which the defendant purchased from her husband. As to such property you must return a verdict in favor of the defendant. And your verdict therefor may be either for the return of the property, or for the value thereof, as shown by the evidence.

[4] If you find that any of the property taken under the writ of replevin was acquired by the plaintiff in any manner whatsoever from any other person than her husband, or from her personal labor not performed for her family then as to such property your verdict, must be for the plaintiff. If the plaintiff, and not her husband, acquired any of the property as wedding presents from relatives and friends of the husband, then as to such presents you must find in her favor. In other words, if any of the property replevied was acquired by the wife from her husband, your verdict as to such property must be in favor of the defendant; but for any property which the plaintiff acquired in other manner than from her husband, your verdict must be for her.

It is manifest under the admissions and evidence that it will be necessary for you to return two verdicts; one in favor of the plaintiff and the other in favor of the defendant. In order that there may be no confusion or uncertainty in your verdicts the court suggests that you name in your verdict for the plaintiff the articles to which you find she is entitled. Your verdict for

Charge—Verdict.

the defendant may be for the return to him such property in kind to which, under the evidence, you find him entitled, or you may award him damages therefor based upon the value of the property as shown by the evidence.

Verdict for plaintiff for certain of the goods and chattels, and also for the defendant for twenty-five dollars.