ELIZABETH REYNOLDS *vs.* JOSEPH M. DONAWAY, Sheriff.

1. REPLEVIN—PURPOSE OF ACTION.
   Replevin is an action for possession of chattels taken or detained from the person entitled to their possession.

2. REPLEVIN—TITLE AND RIGHT TO POSSESSION OF PLAINTIFF.
   Replevin is founded on the general or special property of plaintiff in a chattel, and his consequent right to its immediate and exclusive possession.

3. REPLEVIN—ISSUE OF PROPERTY.
   The issue of property in replevin is not whether it is that of plaintiff or defendant, but whether the property is in plaintiff, with a consequent right to immediate and exclusive possession.

4. REPLEVIN—BURDEN OF PROOF OF PLAINTIFF. ·
   Plaintiff in replevin has the burden of proving a property in the chattels of such character as to give right to their immediate and exclusive possession.

5. REPLEVIN—WEAKNESS OF PLAINTIFF'S TITLE DEFENSE.
   Defendant in replevin may prevail on the weakness of plaintiff's title.

6. HUSBAND AND WIFE—SOURCE OF WIFE'S SEPARATE PROPERTY.
   Under *Rev. Code* 1915, § 3058, property acquired by a married woman from any source other than her husband is her sole and separate property.

7. REPLEVIN—DAMAGES TO DEFENDANT.

If defendant in replevin does not ask for return of the goods, and verdict is for him, he should be awarded damages equal to their value.

8. REPLEVIN—DAMAGES TO PLAINTIFF.

If finding is for plaintiff in replevin, the goods having been taken and placed in plaintiff's possession, verdict should be for plaintiff for nominal damages and costs.

*(October* 15, 1919.)

BOYCE and RICE, J. J., sitting.

*James M. Tunnell* for the plaintiff.

*Woodburn Martin* for the defendant.

Superior Court for Sussex County, October Term, 1919.

REPLEVIN, No. 9, February Term, 1919.

Action by Elizabeth Reynolds against Joseph M. Donaway, Sheriff. Verdict for plaintiff.

At the beginning of the trial, a disclaimer was entered by counsel for the defendant as to certain articles replevied which were not levied upon.

The plaintiff claimed that certain goods and chattels, levied upon by the defendant as sheriff of Sussex county under an execution upon a judgment obtained by the American Agricultural Chemical Company against the husband of the plaintiff, were owned by and belonged to her. The property was later replevied by the coroner of the county and delivered to the plaintiff. The plaintiff testified that some of the goods in question were purchased for her by her husband with her money, and that the other goods were gifts to her by persons other than her husband.

The defendant claimed special property in the goods repelvied, except that portion as to which he entered a disclaimer, they being seized on said execution as the property of the plaintiff's husband.

The plaintiff requested the court to charge the jury upon the law as contained in the case of *Taylor v. Plunkett,* 4 *Pennewill* 467, 56 *Atl.* 384.

RICE, J., charging the jury:—This is an action of replevin, brought by Elizabeth Reynolds, the plaintiff, against Joseph M. Donaway, sheriff of Sussex County, the defendant, to recover the

possession of certain goods and chattels. The goods and chattels, the subject of this suit were by the coroner of this county taken from the possession of the defendant and placed in the possession of the plaintiff, where they now remain.

The plaintiff claims that some of the goods and chattels in question were purchased by her husband with her money for her, and that the other goods and chattels were gifts to her by some person other than her husband. For the other property taken under the writ of replevin the defendant makes no claim. The defendant, who, at the time of the issuance of the writ of replevin, was sheriff of this county, claims a special property in those articles replevied and to which a disclaimer has not been entered, by reason of the goods and chattels being seized on an execution upon a judgment obtained by the American Agricultual Chemical Company against B. W. Reynolds as the property of B. W. Reynolds, the husband of the plaintiff.

The defendant claims damages in the amount of $260 with interest from the twenty-third day of April, 1918.

[1-5] Replevin is a form of action which is employed to recover possession of personal chattels that have been unlawfully taken or detained from the person entitled to their possession. The action is founded on the general or special property of the plaintiff in a chattle and his consequent right to its immediate and exclusive possession. The issue of property in replevin is not whether the property in the chattel is that of the plaintiff or the defendant, but whether the property is in the plaintiff or claimant in the action and whether the plaintiff as such has a consequent right to its immediate and exclusive possession regardless of the title and property of the defendant. It therefore devolves on the plaintiff in this case to prove to you by a preponderance or greater weight of the evidence that at the time this action was brought she had and retained a property in the title of goods in the controversy of such a character as to give her a right to their immediate and exclusive possession. The defendant, on the other hand, in order to prevail, is not required to rely upon the strength of his own title or property in the goods, but may prevail upon the weakness of the plaintiff's title. He may, if he choose, set up and establish prop-

erty in himself or in another, in order thereby to disprove title or property in the plaintiff; and he may also show that the property was in the husband of the plaintiff and taken on execution as the property of the husband.

The defendant acquired whatever right he had in the property as a result of the execution process issued against the husband, and, if the husband had property in the goods and chattels seized at the time of the levy, then the sheriff did have a special property in the goods and would be entitled to their possession.

[6] At common law the personal property of the wife reduced to the husband's possession became his property. This rule of law no longer prevails in this state. *Rev. Code* 1915, § 3059, provides that—

"Any married woman may receive the wages of her personal labor not performed for her family, maintain an action therefor in her own name", etc.

*Section 3058* provides:

"The real and personal property of any married woman acquired in any manner whatsoever from any person other than her husband, shall be her sole and separate property."

This court in the case of *Stockwell v. Baird*, 1 *Marvel* 420, 31 *Atl.* 811, having under consideration said section 3058, said, the same language being also used in the case of *Whiteman v. Whiteman, ante*, 105 *Atl.* 787:

"So that by the special terms of this law there is an inhibition against the wife's acquiring property directly from her husband. This statute is in derogation of the common law, and while it gives the wife the right to take property from any other person than her husband and to hold it as her sole and separate property, it expressly negatives the idea that the wife can take property directly from the husband."

You will observe, therefore, that the wife cannot claim property as her sole and separate property which she acquires directly from her husband.

So that if any of the property which was taken under the writ of replevin in this case was acquired by the plaintiff from her husband, she cannot have a recovery for such property which the

Charge—Verdict.

defendant took on execution process against her husband. As to such property you must return a verdict in favor of the defendant.

[7, 8] If you find that any of the property taken under the writ of replevin was purchased by the plaintiff with money obtained elsewhere than from her husband, or that she acquired any of the property as gifts from persons other than her husband, then as to such property your verdict must be for the plaintiff. If you find that the title or property in any of the goods taken under the writ of replevin and not disclaimed does not belong to the plaintiff, and that she had no right to their immediate possession at the time the writ in this case was issued, your verdict should be for the defendant for such property; and, if the defendant does not ask for the return of such property, your verdict should be for damages in favor of the defendant in the amount equal to the value of the goods taken as disclosed by the evidence with interest thereon from the day it was replevied to this time. If you find that the property levied upon by the sheriff was not liable to be levied upon under the execution issued out of this court by the American Agricultural Chemical Company against B. W. Reynolds, the husband of the plaintiff, and was not at the time the property of B. W. Reynolds, but that it was the property of the plaintiff, your verdict should be for the plaintiff for nominal damages and her costs.

Verdict for the plaintiff.