DOROTHY ELIZABETH BARTON DUPONT,

*vs.*

ALFRED VICTOR DUPONT, et al.

DOROTHY ELIZABETH BARTON DUPONT,

*vs.*

ALFRED VICTOR DUPONT.

*New Castle, March 22, 1951.*

*James R. Morford, William H. Bennethum, and Morton E. Evans,* of Morford, Bennethum, Marvel & Cooch, Wilmington, for Dorothy Elizabeth Barton duPont.

*Arthur G. Logan,* and *Samuel R. Russell,* of Logan, Marvel & Boggs, Wilmington, for Alfred Victor duPont.

SEITZ, Vice Chancellor: Dorothy Elizabeth Barton du-Pont, as the wife of Alfred Victor duPont, asks this court in two separate actions to award her separate support and maintenance based upon allegations that she was abandoned by her husband without legal cause and that she is in destitute and necessitous circumstances. Neither cause is in connection with any divorce action. Both Mr. and Mrs. duPont live in New Castle County. Her husband has moved to dismiss her actions on the ground, *inter alia,* that the Delaware Court of Chancery has no jurisdiction to award such relief. The parties have agreed that I should first dispose of the jurisdictional question.

Mrs. duPont's counsel contends that the Delaware Court of Chancery has inherent jurisdiction to award separate maintenance to a wife abandoned by her husband in a proceeding not involving divorce. Counsel for her husband argues that the Delaware Court of Chancery never had jurisdiction of proceedings seeking separate maintenance; but, even if it did, it was deprived of such jurisdiction in New Castle County by the act creating the Family Court for New Castle County, 45 *Laws of Del., Chap.* 241; and in any event *Paragraphs* 3527-3539 of the 1935 *Code* provide an adequate remedy at law.

Let us consider Mr. duPont's contentions. He first says this court never had jurisdiction in this type of case. His argument goes as follows: The High Court of Chancery of Great Britain did not have jurisdiction to award

separate maintenance to a deserted wife apart from other factors not here present; the Supreme Court of Delaware in *Glanding v. Industrial Trust Co.*, 28 *Del. Ch.* 499, 45 *A.* 2*d* 553, held that the jurisdiction of the Delaware Court of Chancery consists of the complete system of equity as administered by the High Court of Chancery of Great Britain[1] until the Legislature provides otherwise; since the English Court of Chancery did not exercise jurisdiction in this type of case and since our Legislature has not given it such jurisdiction, it follows that this court does not have such jurisdiction.

Let us examine the major premise in this reasoning. An examination of the English law on this question prior to the enactment of our Act of 1726-1736 or even prior to the Separation, discloses that the High Court of Chancery of Great Britain wavered back and forth in the treatment of the question of jurisdiction over an action by a deserted wife solely for separate maintenance. The Alabama court noted this uncertainty in *Glover v. Glover*, 16 *Ala.* 440. The tendency in most of the earlier cases in this country was to conclude that, absent statute, our equity courts also lacked jurisdiction to award separate maintenance. There was substantial authority to the contrary. However, the majority view today in the United States is in favor of equity jurisdiction. See 141 *A.L.R.* 399. It must be conceded that many of the cases so holding are governed by statute.

The solution of the problem is not without difficulty. As stated, the High Court of Chancery of Great Britain did in some types of cases entertain jurisdiction over actions for support. Most of the English cases did not recognize actions of the types here involved presumably because they followed the views of the ecclesiastical courts which limited

---

[1] It is not entirely clear at what date the English law is to be ascertained. However, whether it be between 1726-1736 or even at the Separation the result is here the same.

their jurisdiction to cases where something akin to divorces involving separation from bed and board was involved. The High Court of Chancery generally took jurisdiction in cases where the wife's separate estate was involved or where the husband's conduct was of a certain type. A careful reading of the many English cases leaves the matter in doubt and I resolve the doubt by considering the case to see whether it comes under any of the historic heads of equity jurisdiction. Compare *Glover v. Glover, supra.*

The duty of a husband to support and maintain his wife is firmly imbedded in the common law apart from statute. 26 *Am. Jur., Husband and Wife,* § 337. Where he fails to discharge his legal duty through his own fault his wife is entitled to call upon an appropriate court to enforce that right. Unless she possesses an adequate remedy at law there would seem to be no compelling reason why the Court of Chancery should turn its back. Compare *Brown v. Brown,* 3 *Terry* 157, 29 *A.* 2d 149. The lack of an adequate remedy at law to enforce a legal right is a secure basis of equitable jurisdiction. Moreover a wife cannot here sue her husband at law. *Plotkin v. Plotkin,* 2 *W. W. Harr.* 455, 125 *A.* 455.

I conclude therefore that the Delaware Court of Chancery has jurisdiction to award a wife separate maintenance apart from a divorce action unless such wife has an adequate remedy at law. See *Graves v. Graves,* 36 *Iowa* 310.

Mr. duPont's counsel next argues that the Family Court Act gives that court exclusive jurisdiction over this type of proceeding in New Castle County. He apparently contends that this is so whether or not the Family Court remedy is adequate. But as I read the opinion in *Glanding v. Industrial Trust Co., supra,* the court there held that the constitutional jurisdiction of the Delaware Court of Chancery includes the constitutional limitation that the court's constitutional jurisdiction may be cut down only

by the substitution of an adequate remedy in some other tribunal. I emphasize that there must not only be a remedy but it must be adequate. This requirement exists in addition to the requirement that before Chancery loses jurisdiction, the Legislature, in creating the substituted adequate remedy, must have intended by express language or by necessary implication to deprive Chancery of jurisdiction. If this is so, and I believe it is under the *Glanding* case, then the Legislature cannot deprive the Court of Chancery of any portion of its constitutional jurisdiction unless the substituted remedy is also an adequate remedy.

I now look to see whether the Legislature by the adoption of the Family Court Act has (1) expressly or by necessary implication made its remedy in the Family Court exclusive, and if so, (2) whether that remedy is adequate. To answer these questions we must examine the language of the act creating the Family Court for New Castle County.

*Section* 1 of the Act, insofar as pertinent, provides:

"Purpose, Basic Principle and Construction:—The purposes of this Act are * * * to give original and exclusive jurisdiction to one Court in which matters pertaining to a family, as hereinafter defined, may be adjudicated, the said Court to have jurisdiction over both civil and criminal matters, as hereafter set forth; * * *. The sections of this Act shall be liberally construed that these purposes may be carried out."

*Section* 3 provides that the word "family" as used in the Act shall be construed to mean, *inter alia*, husband and wife.

*Section* 4 of the *Act* provides in part:

"The Court shall have exclusive original jurisdiction in all proceedings in New Castle County;

* * * * * *

"(f) Wherein any husband shall, without just cause, desert or wilfully neglect or refuse to provide for the support and maintenance

of his wife in destitute or necessitous circumstances * * * as set forth in *Paragraphs* 3527 *Sec.* 2. to 3539 *Sec.* 14. inclusive of *Chapter* 87 of the *Revised Code of Delaware of* 1935; * * *."

*Section* 4 of the Act also provides for concurrent jurisdiction in certain areas. *Section* 19 seems to reaffirm *Section* 4(*f*).

Both parties tacitly agree that Mrs. duPont is seeking support and maintenance of the type which is embraced within *Section* 4(*f*) of the Act creating the Family Court for New Castle County. The language of the prayers so indicates. Thus the question recurs: Does the language of the Family Court Act purport by necessary implication to deprive the Court of Chancery of jurisdiction in this type of case? I conclude that the answer must be "yes." The language, especially the word "exclusive," is so clear that further discussion would be a waste of time. Moreover, it was not necessary for the Legislature to employ negative language directed to the Court of Chancery in view of the clarity of the language employed. The whole purport of the Family Court Act is consistent with my conclusion.

It thus appears that in proceedings in New Castle County the Legislature has purported to grant exclusive original jurisdiction over this type of support case to the Family Court.

But is the Family Court remedy adequate? As heretofore stated, under our Constitution it must be in order to deprive the Court of Chancery of jurisdiction. *Glanding v. Industrial Trust Co., supra.*

A husband's failure or neglect to support his wife in destitute or necessitous circumstances is a misdemeanor and punishable by fine and/or imprisonment, 47 *Laws of Del., c.* 400, *p.* 849. Instead of imposing the criminal penalty, or in addition thereto, the Family Court has the power to make an order requiring such a husband to pay a certain sum periodically into the court for the support of his wife,

46 *Laws of Del., c.* 92, *p.* 300. Such an action is instituted in the Family Court on the wife's sworn complaint. The defendant may appeal the verdict of the Family Court to the Court of General Sessions, 45 *Laws of Del., Chap.* 241, *Sec.* 22. The Legislature passed an act which provides that the Attorney General of the State may appeal from a "not guilty" decision of the Family Court in an action charging neglect or failure to support a wife, 47 *Laws of Del., Chap.* 306, *Sec.* 10.

Mrs. duPont's counsel argues that the remedy in the Family Court is not adequate for the following reasons:

(1) There is no adequate remedy at law because the right at law is in a third person, the tradesman, in a suit to collect from the husband for necessaries furnished to the wife. It is also suggested that that remedy gives rise to a multiplicity of lawsuits.

(2) The husband owes a duty to support his wife and should not be permitted to evade that duty because of the lack of a direct legal remedy. Mrs. duPont's counsel argues "that the remedy by criminal prosecution of the husband under non-support statutes does not give the wife an adequate legal remedy," citing *Peters v. Peters,* 20 *Del. Ch.* 28, 169 *A.* 298.

(3) A wife should not be compelled to ask for a divorce in order to obtain support to which she is legally entitled.

(4) Such an action calls for equitable relief because in essence the wife is here seeking to specifically enforce the marriage contract in respect of the obligation of the husband to support his wife.

(5) The Family Court proceeding being criminal, neither the State nor the wife can appeal.

Mr. duPont's counsel contends that there is no merit to any of the five contentions because as to (1) the wife

can collect directly from her husband in Family Court, as to (2) there is no lack of a direct legal remedy because a wife may institute her action in Family Court, as to (3) the wife does not have to institute a divorce action in order to obtain support in Family Court, as to (4) there is a specific remedy in the Family Court so that at least to the husband's duty of support the Family Court provides an adequate remedy, and as to (5) the adequacy of the remedy does not depend upon the right of appeal.

It will be seen that, in essence, the first four contentions of Mrs. duPont and the answers thereto of Mr. duPont raise the question as to whether or not the remedy administered by the Family Court is adequate. Is it?

It should be noted that the basic remedy by way of an order directing the payment of money and/or fine and imprisonment, which is now administered by the Family Court, is the same statutory remedy that has existed in this State for many years. See *In re Alexander*, 3 *Terry* 461, 36 *A.* 2d 361. Does the wife's access to Family Court by way of the filing of a petition seeking support provide her with an adequate remedy at law as that principle has been traditionally applied? I think not.

My conclusion finds support in the case of *Peters v. Peters*, 20 *Del. Ch.* 28, 169 *A.* 298, 300. I recognize that the case was one for specific performance of a separation agreement. However the reasons given for concluding that there was no adequate remedy at law compelled the late Chancellor to consider the so-called non-support statutes here involved. He said in part:

"The support provisions supply to the wife no remedy at law for the enforcement of her contract by way of damages. That is apparent. It is apparent for three reasons. First, the action is a criminal one, in which the State of Delaware is the plaintiff. While the Court of General Sessions in *State v. McCullough*, 1 *Pennewill*, 274, 40 *A.* 237, 238, stated that a prosecution under the non-support statute 'is not, strictly speaking, a criminal proceeding,' yet the Supreme Court in *Donaghy v. State*, 6 *Boyce* (29 *Del.*) 467, 100 *A.* 696, distinctly held

the offense to be a misdemeanor. The wife has no control over the prosecution for non-support. She cannot compel its institution. While she is the beneficiary of any order that may be made, yet the matter is one that lies in the domain of public concern and is so far treated as such that the State and not she controls the proceeding from beginning to end."

The same reasoning applies to this case because the same remedy and procedure exist in the Family Court. In the Court of Chancery the wife is in control of her suit and if she is successful she has available to her all appropriate remedies there provided any successful litigant. There are remedies available in Chancery by way of a seizure of her husband's property which, as I read the statutes administered by the Family Court, are not there provided. Provision in the non-support statute for the forfeiture of the recognizance is far from an adequate remedy. Thus, apart from any question involving the absence of the right of the wife to appeal from the Family Court, I conclude that the remedy now provided in the Family Court in this type of case is not adequate in the sense in which that term is traditionally employed in equity. The Delaware Court of Chancery therefore has not been deprived of its jurisdiction. If this conclusion is considered undesirable as a practical matter, then it is for the Legislature to change by appropriate and legally sufficient action.

For the reasons stated the motions to dismiss on the ground that this court lacks jurisdiction to award support to a wife deserted under the circumstances alleged must be denied.

Order on notice.

For opinion denying motion to dismiss appeal, see *post p.* 405, 82 *A.. 2d* 376, and affirming order entered in accordance with the foregoing opinion, see *post p.* 413, 85 *A.* 2d 724.