98 A.2d 493 (1953)
DU PONT
v.
DU PONT.
Court of Chancery of Delaware, New Castle.
July 3, 1953.
James R. Morford and George L. Sands, of Morford, Bennethum & Marvel, Wilmington, for plaintiff.
Arthur G. Logan, Wilmington, for defendant.
SEITZ, Chancellor.
Plaintiff filed an action for separate maintenance against the defendant, her husband, on the theory that she was a deserted wife in destitute circumstances. Defendant filed, inter alia, a counterclaim seeking the recovery of certain personal property in plaintiff's possession on the ground that it was his exclusive property. Plaintiff answered the counterclaim by alleging that such property was moved from the family residence to an apartment in order that she might furnish her new apartment properly. Plaintiff's answer to the counterclaim does not appear to directly claim title to any of the property. However, the briefs *494 demonstrate that both parties have considered title as well as use to be in issue. I accept their approach with the suggestion that the pleadings be amended to raise the title point directly.
After elaborate preliminary legal skirmishes, plaintiff was awarded a monthly sum of money.[1] However, this court reserved decision on the counterclaim in question pending more thorough consideration of the very difficult legal points involved. This is the decision thereon.
Plaintiff suggests that the use of the personal property, apart from the question of title, was decided in her favor by implication as a part of the award of separate maintenance. I cannot agree with this contention because neither counsel even suggested that the question of the use of this personal property was involved in the allowance of separate maintenance. I say this without intending to suggest how it would have been treated.
I now consider the pertinent facts. Defendant deserted the plaintiff without legal cause. Thereafter, he caused the plaintiff to be evicted from the family residence by failure to pay the rent. The plaintiff moved to an apartment and took with her much of the household goods and furnishings. By agreement of counsel the items taken by the plaintiff were segregated and itemized. One list contains items which plaintiff sold after she moved. Another list was made up of items owned by plaintiff prior to the marriage. Still another list consists of the wedding gifts received by the parties. Defendant is willing to have plaintiff retain all of these items.
This decision is therefore concerned only with personal property received from three sources:
1. Property purchased by the defendant before marriage.
2. Property purchased and paid for by defendant during marriage.
3. Property received by defendant by will after marriage.
This court is met at the outset with plaintiff's contention that in an action for separate maintenance it lacks jurisdiction over a counterclaim seeking to have the court adjudicate, as between husband and wife, the question of title to personal property. Plaintiff says that this type of jurisdiction exists only when granted by statute because it is nothing but an equitable replevin. On the other hand, defendant contends that this counterclaim is perfectly proper because it could have formed the basis for a separate action in Chancery; the jurisdictional ground being that there is no remedy at law in that a husband cannot sue his wife at law in this State. See Plotkin v. Plotkin, 2 W.W.Harr. 455, 125 A. 455.
There never has been any question about the legal power of a married man to hold property as his separate property. But under the common law the wife was under a substantial legal disability with respect to the holding of property as against her husband. The quaint old legal unity concept of marriage gave the husband an absolute interest in his wife's personal property including choses reduced to possession. See Johnson v. Fleetwood, 1 Har. 442; Whitemen v. Whitemen, 7 Boyce 273, 30 Del. 273, 105 A. 787. The result may be inelegantly and imprecisely expressed thus: "What was his was his but what was hers was his also". Since the passage of a so-called Married Women's statute, 13 Del.C. § 311, there is no longer any question about the power of a married woman to hold title to her own property. There still exists however the legal disability which prevents either spouse from suing the other at law. Plotkin v. Plotkin, supra; Peters v. Peters, 20 Del.Ch. 28, 169 A. 298.
The power of the Delaware Chancery court to entertain actions by one spouse against the other in a proper case is well recognized. Compare Spruance v. Equitable Trust Co., 12 Del.Ch. 12, 103 A. 577; Peters v. Peters, supra; DuPont v. DuPont, Del.Ch., 79 A.2d 680, affirmed, 85 A.2d 724. *495 We have here a case where the law gives a married person individual property rights but has failed to provide a legal remedy in case such rights are invaded by the other spouse. In keeping with its long-established practice, a court of equity can very properly step in to provide a remedy by determining title and entering an order appropriate to its decision. See particularly Peters v. Peters, supra. Moreover, broadly viewed this may be considered an action for an accounting. Compare Hoyle v. Hoyle, 31 Del. Ch. 64, 66 A.2d 130. A further jurisdictional justification is found in the theory that once equity takes jurisdiction it is entitled to grant complete relief.
Plaintiff cites many cases for the proposition that in the absence of statute the court of equity in a separate maintenance action is without power to adjudicate property rights, e. g., Jensen v. Jensen, 20 Wash. 2d 380, 147 P.2d 512, and Brown v. Brown, 23 Wyo. 1, 146 P. 231. Without passing upon the merits of the principles announced in those cases, it seems to me that they are not pertinent here. I say this because in those cases the courts were deciding that in making a separate maintenance award, and as a part thereof, the court, absent statute, was without power to transfer title by a division or transfer of property held by one spouse.
The present counterclaim does not involve any question of the transfer of title in implementation of a separate maintenance decree but only an ascertainment of the title holder so as to grant appropriate relief. Chancery Rule 13 governing counterclaims certainly will accommodate this case.
I decide that in an action for separate maintenance this court has jurisdiction to determine by way of counterclaim the title to personal property claimed by each spouse and to grant appropriate relief.
As stated, the court must determine title to property coming from three sources. In the first category are certain linens initialed "A.V.duP." which defendant brought into the marriage relationship.
The second category consists of property purchased by the defendant during marriage and which is still in the plaintiff's possession. Defendant's brief suggested what appears to be a compromise division but I assume that plaintiff has rejected this proposed division and, therefore, the title to all of the property purchased during marriage and still in plaintiff's possession is in issue. The list is too long to enumerate. It consists of furniture of substantial value, as well as household appliances, rugs and silverware.
The third category is made up of certain personal property received by defendant under his mother's will. Again the items are too numerous to itemize, but they consist of furniture, silverware, etc.
I think it fair to say that all the items in all three categories fall within what may loosely be called household goods and furnishings. See generally 19 Words and Phrases, Household Furniture, pages 711, 717. If counsel disagree with this general classification leave will be granted to brief the matter further.
Thus the question is presented as to what rule of law shall be used as a starting point in ascertaining ownership of household goods and furnishings which were admittedly brought into the marriage relationship or acquired after marriage by the husband and thereafter made the subject of their joint possession and use while living together as husband and wife. The few cases in other states which have passed on this point have concluded that where the husband and wife are living together, there is a rebuttable presumption that the household goods belong to the husband. See 41 C.J.S., Husband and Wife, § 19, p. 414. This presumption seems to have been inspired by the marriage entity concept existing before the Married Women's property acts were passed and also by the manner in which the cases arose.
The vitally important legal point here involved has never been passed upon in Delaware so far as I can find. For that reason I feel free to determine the matter in the light of the developments which have tended to remove the legal disabilities, propertywise, of the wife. For the reasons hereafter stated I am unable to agree with the *496 principle that there is a presumption that household goods are the sole property of the husband.
I conclude that household goods and furnishings, even though contributed or paid for by the husband, are presumptively held jointly  by the entireties  when such property is in their joint possession and use. Compare Vaughn v. Borland, 234 Ala. 414, 175 So. 367, 111 A.L.R. 1370. To the extent this presumption includes a presumption of gift, I think it proper also. See Hoyle v. Hoyle, supra. I reach this conclusion for several reasons. First, under present day conditions, there is no longer any compelling reason to conclude that property so intimately associated with the marriage relationship should be considered as presumptively belonging to either one. Each spouse in his or her own way contributes to the accumulation of such property. See Clawson v. Clawson, Fla., 54 So. 2d 161; and see the dictum in Fine v. Fine, 366 Pa. 227, 77 A.2d 436; compare Whiton v. Snyder, 88 N.Y. 229. Until these parties separated the household goods and furnishings were actually in their joint possession and use and the implication of starting off with a presumption in favor of the husband's ownership is both unfair and unrealistic. The admitted fact that defendant paid for or contributed the articles in question is a fact to consider in determining whether or not the presumption has been rebutted. To give it greater weight is to unwarrantably emphasize the husband's monetary contribution to the marriage relationship at the expense of equally substantial and often more varied contributions of the wife. The facts here may make for a "hard case". I therefore resist the temptation to make what I consider to be "bad law" by creating a precedent which would unduly favor the husband at the wife's expense.
If married couples desire to preserve individual title to such property, it is up to them to evidence such ownership by appropriate documents or by other evidence which can overturn the presumption of joint ownership. I believe the presumption that they hold such property by the entireties is not only fair under the circumstances but almost legally necessary to avoid an accounting in every such case. Moreover, the difficulties of tracing title over a period of time can render the problem almost legally insurmountable. I point out that my decision is confined to the question of title as between husband and wife to household goods and furnishings held and used as here stated.
Although much evidence was taken in this case, because of the way it was taken and because of the emphasis on other issues, the question of title to the property here involved was almost overlooked. There is some evidence on this point but it is so fragmentary and unsatisfactory that I do not feel inclined to use it as the basis for deciding the title question. Moreover, the parties were then unaware of the legal principles which I have here declared to be controlling.
While there may be circumstances under which this court would refuse to adjudicate title because of a party's conduct in connection with the separation, I do not believe the evidence warrants such a conclusion here.
I will therefore, on application, and if either party desires, fix a further hearing date at which time the parties may introduce further evidence on the question of title.
Plaintiff's answer to the defendant's counterclaim also raises the question of plaintiff's right to use the furniture as part of her separate maintenance and without regard to the question of title. A similar point is raised in plaintiff's motion to reopen the judgment. It seems to me that the problems raised by this contention can best be resolved in the light of my determination of the ownership question. I will therefore reserve decision on that question and the relief to be granted until the title question is resolved.
Order on notice.
NOTES
[1] See DuPont v. DuPont, Del.Ch., 79 A. 2d 680, affirmed, Del.Ch., 85 A.2d 724; Del.Ch., 90 A.2d 476, Del.Ch., 93 A.2d 500.