## Stitzinger et ux., Appellants, v. Stitzinger Lumber Co., Inc.

Argued June 12, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*F. C. Fiechter, Jr.,* with him *Freeman, Fox & Fiechter,* for appellants.

*Lloyd A. Good, Jr.,* with him *Manuel Steinberg,* for appellee.

OPINION BY GUNTHER, J., September 11, 1958:

This appeal is from the granting of a motion for judgment on the pleadings by the court below. Appellants, Arthur L. Stitzinger and Ann Bond Stitzinger, husband and wife, instituted a trespass action against the Stitzinger Lumber Co., Inc., to recover damages to their real estate held by them as tenants by the entireties. The second count of said complaint also sought recovery for the loss of a bicycle belonging to their minor son, Laurence Stitzinger. The damages complained of were inflicted by Arthur L. Stitzinger as employe of said lumber company and acting in the scope of his employment and consisted of driving a company owned Plymouth station wagon upon the premises of the appellants and damaging it to the value of approximately $700 dollars. To this complaint no answer was filed but a motion for judgment on the pleadings, limiting the same to the first count of the complaint, was filed. The court below granted the motion and this appeal followed.

The sole question raised on this appeal is whether a husband and wife, owners of a home as tenants by the entireties, may maintain this action against the husband's employer for the damage caused to their

home by the negligence of the husband employe while acting within the scope of his employment. Any question relating to the second count of the complaint was not decided nor raised on appeal and, therefore, will not be considered by us.

An examination of the cases surrounding this problem discloses this particular situation to be one of first impression. Actions for and on behalf of and against the family unity have been frequently decided by our courts and certain conclusions may be drawn from them. Thus, for example, a wife may sue a third party for personal injury to person and property even though the husband may have contributed to the accident and loss, *Rodgers et ux. v. Saxton*, 305 Pa. 479, 158 A. 166; the doctrine of intrafamily immunity from suit by a member of the family expires upon the death of the person protected and suit may be entered against the protected person's estate. *Kaczorowski v. Kalkosinski*, 321 Pa. 438, 184 A. 663; a minor child may maintain a tort action against the party who has the right of indemnity or contribution from the child's parents in the event of recovery, *Briggs v. City of Philadelphia*, 112 Pa. Superior Ct. 50, 170 A. 871; a parent may not maintain an action for personal injuries resulting from negligence of an unemancipated child, *Duffy v. Duffy*, 117 Pa. Superior Ct. 500, 178 A. 165; a husband cannot maintain a tort action against his wife, *Koontz v. Messer*, 320 Pa. 487, 181 A. 792; and a minor unemancipated child cannot maintain an action against the parent to recover damages for negligent operation of a motor vehicle, *Parks v. Parks*, 390 Pa. 287, 135 A. 2d 65. However, our appellate courts have not been called upon to determine the issue raised in the present appeal.

Property held by husband and wife as tenants by the entireties creates a unity of estate that cannot be

destroyed summarily by the action of one of the spouses. Each one, in the eyes of the law, is considered to be the owner of the entire property and, because of this unity of estate, any action brought for the protection or preservation of such property must be brought in the name of both spouses. Any recovery inures to the benefit of both spouses and to the unity of the estate thus created. This being so, we turn to the interesting question here raised. May a tortfeasor benefit from his own wrongdoing under the principle of respondeat superior? May the employer be compelled to pay for the damage caused to the employe's own property by his own negligence?

In the normal situation the law is so well established as to require no citation of authority that a person cannot recover for damages which he himself inflicts either upon himself or his own property. Neither may he recover if he contributed to the loss by his own negligence. These principles are firmly established in the law upon considerations of public policy and sound reason. Under the entireties theory of property held by husband and wife, the husband clearly should be precluded from any recovery for his own act of negligence. And while no one would take issue with this conclusion, the argument is advanced that the wife, who is also considered as being the owner of the entire estate in the property, is precluded from any recovery to her property. This undoubtedly is so but, again, principles of public policy should exclude her recovery. It would be anomalous indeed to say, on the one hand, that the husband may not recover for damage caused to his entire interest in the property by his own act and, on the other hand, to conclude that the wife, nevertheless, may recover for the same entire interest which precluded the husband. As stated by our Supreme Court in *Parks v. Parks,* supra,

"it would be highly unconscionable to permit a recovery in this suit by the husband of a loss which belongs to both the wife and the husband and permit her to share in a recovery caused by her own wrong." The converse of this proposition is equally true. It would be highly unconscionable to permit a recovery by the wife of a loss which belongs to both the husband and the wife and permit him to share in a recovery caused by his own wrong. The interest of both husband and wife being one single unity and not normally divisible during coveture, the preclusion of the husband precludes the wife.

Reasons of sound public policy preclude this type of litigation. Unless strictly adhered to, the possibility and opportunity for collusive actions would be thrown wide open without effective bars. We conclude, therefore, that where property held by husband and wife as tenants by the entireties is damaged through the negligent act of one of the spouses and in the course of employment of a third person, any action by husband and wife for the recovery of such damage is precluded by reason of sound public policy.

The judgment of the court below is affirmed.