Neiman et ux., Appellants, *v.* Watkins.

Argued March 9, 1964. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Leslie B. Handler,* with him *Compton, Handler, Berman & Boswell,* for appellants.

*Thomas D. Caldwell, Jr.,* with him *Thomas D. Caldwell,* and *Caldwell, Fox & Stoner,* for appellee.

OPINION BY FLOOD, J., June 11, 1964:

Does the contributory negligence of a wife operate to bar recovery of damages by both husband and wife for negligent injury to an automobile owned by them in the entireties? The answer to this question is determinative of the appeal before us. While this specific issue has not previously come before our appellate courts, earlier decisions point unmistakably to the answer.

The manifest advantage to the spouses from ownership in the entireties are accompanied by an occasional disadvantage. One of the consequences of the unity and indivisibility of such ownership is that the negligence of one spouse is the negligence of the community so far as the entireties property is concerned. This principle underlies our decision that a husband and wife may not recover from the husband's employer for injury to entireties property caused by the husband's negligence while acting within the scope of his employment. *Stitzinger v. Stitzinger Lumber Co.,* 187 Pa. Superior Ct. 453, 144 A. 2d 486 (1958).

"Under the entireties theory of property held by husband and wife, the husband clearly should be precluded from any recovery for his own act of negligence." Id. at 456, 144 A. 2d at 488. In that case, the argument was made that the adoption of this rule would bar not only the negligent husband but the innocent wife who, under the entireties theory, is also the owner of the whole property.[1] The court answered this

---

[1] *Lindenfelser v. Lindenfelser,* 396 Pa. 530, 153 A. 2d 901 (1959).

as follows: "This undoubtedly is so but, again, principles of public policy should exclude her recovery. It would be anomalous indeed to say, on the one hand, that the husband may not recover for damage caused to his entire interest in the property by his own act and, on the other hand, to conclude that the wife, nevertheless, may recover for the same entire interest which precluded the husband." Ibid.

In *Parks v. Parks,* 390 Pa. 287, 135 A. 2d 65 (1957), our Supreme Court reached a similar conclusion when a husband-father sought to recover expenses and loss of earnings of his minor child due to the wife-mother's negligence. "[I]t would be highly unconscionable to permit a recovery in this suit by the husband of a loss which belongs to both the wife and the husband and permit her to share in a recovery caused by her own wrong." Id. at 302, 135 A. 2d at 74. While the intra-family relationship constituted a bar to suit in the *Parks* case, it is clear from the opinion that the court held alternatively that the negligence of the mother was an additional bar to recovery by either or both parents.

This conclusion is not affected by the cases which say that one spouse is not an agent of the other merely because of the marital relationship (*Rodgers v. Saxton,* 305 Pa. 479, 158 A. 166 (1931)) or that one tenant-in-common is not barred by the negligence of the other (*Maloney v. Rodgers,* 184 Pa. Superior Ct. 342, 135 A. 2d 88 (1957)) or that the same is true of joint tenants who are not husband and wife (*Ibid.*). The decision in this case depends not upon agency but upon co-owner-ship, and upon that particular type of co-ownership which constitutes a tenancy by the entireties. As our Supreme Court has said, a tenancy by the entireties differs from an ordinary joint tenancy in that in the former "neither [spouse] has any individual portion which can be alienated or separated, or which can be

reached by the creditors of either spouse." *Madden v. Gosztonyi S. & T. Co.*, 331 Pa. 476, 482, 200 A. 624, 627 (1938). The exceptional situation discussed in *Lindenfelser v. Lindenfelser*, 396 Pa. 530, 153 A. 2d 901 (1959), where the spouses are separated but not divorced, does not affect the general principle here involved.

Judgment affirmed.