William J. **ARNETT** and Arlene J. Arnett, his wife, Bruce Arnett, through his next friend, Arlene J. Arnett, Intervenor, Plaintiffs,

v.

Gary **HANBY**, Defendant.

Superior Court of Delaware, New Castle.

Feb. 4, 1970.

Julian D. Winslow, Wilmington, for plaintiffs.

James F. Kipp, Wilmington, for defendant.

STIFTEL, President Judge.

Originally, this was a property damage suit filed in Justice of Peace Court by the

Arnetts to recover for damage to their automobile. Default judgment was obtained against Hanby for $346 and he appealed.

In this Court, defendant permitted the minor son of the Arnetts to join this action for his personal injuries with his mother as next friend.

### Automobile Damages

■ I announced at trial that Mr. William J. Arnett was contributorily negligent as a matter of law. Arnett failed to keep a proper lookout and violated Section 4164(c) of 21 Del.Code because he entered into Darley Road before it was safe so to do. His recovery, therefore, for property damage is barred.

The Arnett vehicle was registered in the name of the husband "and/or" wife. Even though the husband is barred, may the wife recover her share?

■ The complaint alleges the vehicle was "* * * the property of the plaintiff, namely, William J. Arnett, and Arlene J. Arnett, his wife * * *". Also testimony at trial indicated that the plaintiffs considered themselves co-owners of the property. As co-owners the Arnetts in the absence of evidence to the contrary presumptively held the car by the entirety. DuPont v. DuPont, 33 Del.Ch. 571, 98 A.2d 493, 496 (1953).

■ A tenancy by the entirety is a sole tenancy, both husband and wife having the whole estate. Godman v. Greer, 12 Del.Ch. 397, 105 A. 380 (1918). In the eyes of the law a husband and wife are one person and therefore do not take by halves but by the whole. Annot: Estate by Entirety-Personalty, 64 A.L.R.2d 812. The consequence of this unity and indivisibility of ownership is that the negligence of one spouse is the negligence of both insofar as a claim on the entirety property is concerned. See Neiman v. Watkins, 204 Pa.Super. 13, 201 A.2d 238 (1964).

■ Public policy should exclude the wife's recovery when her husband is barred. See Stitzinger v. Stitzinger Lumber Co., 187 Pa.Super. 453, 144 A.2d 486, 488 (1958). Since the husband is barred from recovery, the nature of the co-ownership requires his wife be barred.

■ Thus, judgment must be rendered against plaintiffs—husband and wife—on their claim for property damage.

### Bruce Arnett

■ Bruce was eight years old at the time of the accident. He was tossed against the dashboard. As a consequence, he suffered some face abrasions. A portion of his face was swollen. He complained about other pains, for example, in his neck and lower back. Because of his back pain, he was taken to Dr. Strange six weeks after the accident and again on September 23, 1969. The last visit to the doctor was approximately one year after the accident, which occurred on October 29, 1968. His back was asymptomatic and so remains. There was a complete and uneventful recovery. He missed only three days from school. I conclude that fair and reasonable compensation for his personal injuries is $725 plus $77.50 for doctor and medical bills, amounting to a total of $802.-50.

■ I arrived at this judgment based on facts from which I concluded that Gary Hanby was negligent in the operation of his automobile in that he did drive his car without keeping a proper lookout and without paying proper attention to plaintiffs' vehicle and further that he failed to take the necessary precaution to slow down for a flashing yellow light in compliance with Section 4110(a) (2). See Carnes v. Winslow, Del., 182 A.2d 19.

Defendant, himself, admitted that in all probability he was exceeding the speed limit before he applied his brakes, and other witnesses so testified. Without doubt, he was negligent, and it is my conclusion that

his conduct contributed in some measure to the accident which occurred. Had he been driving with care, and maintaining the required lookout, he would have seen Mr. Arnett's car move into the intersection and could have given adequate warning of his approach; and had his speed been considerably lower, there is a reasonable probability that his vehicle could have been so controlled as to avoid colliding with plaintiffs' vehicle, especially with the force that it did. .

Judgment for plaintiffs in the amount of $802.50 and costs.

It is so ordered.