Bonnie FAULK and Jackie
Davis, Appellants,

v.

The ESTATE OF Harold Alva
HASKINS, Appellee.

No. S–740.

Supreme Court of Alaska.

Feb. 14, 1986.

Cabot Christianson and Robert J. Bucka-
lew, Christianson & Buckalew, Anchorage,
for appellants.

Robert S. Spitzfaden, Smith, Robinson,
Gruening & Brecht, Juneau, for appellee.

Before RABINOWITZ, C.J., and
BURKE, MATTHEWS, COMPTON and
MOORE, JJ.

OPINION

MATTHEWS, Justice.

Isabelle Haskins died in December of
1981. Her husband, Harold, died in Sep-
tember of 1983. Isabelle and Harold
owned a lot pursuant to a deed which con-
veyed it "to Harold A. Haskins and Isabel
D. Haskins" without describing their own-
ership or marital status. In addition, at the
time of Isabelle's death she and Harold
owned a jeep and a motorhome held in the
names of "Harold A. Haskins or Isabelle D.
Haskins" and various items of furniture,
appliances, guns, and sporting equipment.

The trial court rejected a claim made by
Isabelle's children from a prior marriage
that half of this property should have
passed to Isabelle's estate because it was
owned in a tenancy in common with Ha-
rold. The court concluded instead that the
property was held in tenancy by the entire-
ty. The effect of this ruling was to pass
full ownership to Harold upon Isabelle's
death.

PERSONAL PROPERTY

Concerning the personal property, the
trial court held that personal property
which a husband and wife jointly possess
and use is presumptively held in tenancy by
the entirety. Since there was no evidence
tending to rebut the presumption, the court
held that the personal property involved
passed to Harold upon Isabelle's death.

■ We agree with the trial court that a
presumption exists in favor of a tenancy by
the entirety over personal property. While
some courts have adopted the presumption,
see, e.g., DuPont v. DuPont, 33 Del.Ch.
571, 98 A.2d 493, 496 (1953); Hagin v.
Hagin, 353 So.2d 949 (Fla.App.1978);
Bender v. Bender, 282 Md. 525, 386 A.2d
772 (1978); DiFlorido v. DiFlorido, 459
Pa.641, 331 A.2d 174 (1975), and others
have not, see, e.g., Doing v. Riley, 176 F.2d
449 (5th Cir.1949); In re Marchini, 45 B.R.

187 (Bankr.S.D.Fla.1984); *see generally* Annot. 64 A.L.R.2d 8, § 28, at 74–76 (1959) (some courts have adopted the presumption and some have not) we think that the reasons for the presumption are persuasive. As the chancellor in *DuPont v. DuPont*, 98 A.2d at 496 said:

> I conclude that household goods and furnishings, even though contributed or paid for by the husband, are presumptively held jointly—by the entireties—when such property is in the joint possession and use.... I reach this conclusion for several reasons. First, under present day conditions, there is no longer any compelling reason to conclude that property so intimately associated with the marriage relationship should be considered as presumptively belonging to either one. Each spouse in his or her own way contributes to the accumulation of such property.... Until these parties separated, the household goods and furnishings were actually in their joint possession and use and the implication of starting off with a presumption in favor of the husband's ownership is both unfair and unrealistic....
>
> If married couples desire to preserve individual title to such property, it is up to them to evidence such ownership by appropriate documents or by other evidence which can overturn the presumption of joint ownership. I believe the presumption that they hold such property by the entirety is not only fair under the circumstances but almost legally necessary to avoid an accounting in every such case. Moreover, the difficulties of tracing title over a period of time would render the problem almost legally insurmountable. I point out that my decision is confined to the question of title as between husband and wife to household

goods and furnishings held and used as here stated.

Thus, we hold that the personal property which a husband and wife jointly possess and use is presumed to be held in tenancy by the entirety.[1]

### REAL PROPERTY

We now turn to the issue of whether there is a tenancy by the entirety in the real property. We must construe AS 34.-15.110 which states:

(a) A conveyance or devise of lands or an interest in lands made to two or more persons, other than to executors and trustees, as such, shall be construed to create a tenancy in common in the estate, except as provided in (b) of this section.

(b) A husband and wife who acquire title in real property hold the estate as tenants by the entirety, unless it is expressly declared otherwise in the conveyance or devise. The conveyance shall recite the marital status of the parties acquiring title to the real property.

■ The issue is whether the requirement of the second sentence of part (b), that marital status be recited, is a condition of the operation of the first sentence, that husband and wife take as tenants by the entirety unless otherwise stated. We hold that the second sentence does not impose such a condition. We do not adopt this interpretation lightly. Normally, the word "shall" is mandatory unless the context indicates otherwise. *Fowler v. City of Anchorage*, 583 P.2d 817, 820 (Alaska 1978) (City did not have to inform contractor of prevailing wage rates despite use of "shall" in Alaska statute). It is desirable to avoid interpretations which make statutory language superfluous. *See* 2A C. Sands, Sutherland Statutory Construction § 46.06, at 104 (4th rev.ed.1984). This is a

---

**1.** The only Alaska statute dealing with tenancy by the entirety in personal property is AS 34.15.-130. That statute provides:

> Joint tenancy, with the exception of interests in personalty and tenancy by the entirety, is abolished. Except as provided in section .110(b) of this chapter, persons having an

undivided interest in real property are considered tenants in common.

This statute abolishes joint tenancies in land for persons who are not married. It does not abolish joint tenancies in personal property, nor does it abolish tenancies by the entirety in real or personal property.

difficult case, but we think the second sentence does not defeat the tenancy by the entirety because the "context indicates otherwise."

First, the statute itself does not tell us what to do. The first sentence creates a tenancy by the entirety, unless the parties state otherwise. The consequence of stating "otherwise" is that there is no tenancy by the entirety. The second sentence, however, directs the husband and wife to recite the marital status, but it does not specify what happens if the marital status is unrecited. Thus, the form of the two sentences is different. Perhaps the legislature intended the second sentence to refer to the first. But a straightforward reading of the second sentence indicates that there is no penalty for noncompliance.

Second, policy reasons support this result. What is important is that the landholders are husband and wife, not that they recite this fact in a deed. Perhaps the legislature included the second sentence merely in the hope that spouses would prevent proof problems by reciting their marital status. But, where the marital status is accepted by all, we doubt that the legislature intended to deprive a husband of his deceased wife's property just because their marital status was not stated in a deed.

For these reasons the judgment is AFFIRMED.