Kyser *v.* T. M. Bragg & Sons.

5-1441 309 S. W. 2d 198

Opinion delivered January 27, 1958.

*Thorp Thomas,* for appellant.

*O. Wendell Hall, Jr.,* for appellee.

MINOR W. MILLWEE, Associate Justice. The question presented is whether the amount of $62.00 charged appellants in a conditional sales contract for a power unit purchased from appellees represented finance or interest charges, or merely a portion of a credit purchase price.

On March 24, 1954, the appellants, Lester Kyser and Ernest Kyser, his father, purchased a used "U-40" power unit from appellees, T. M. Bragg and Sons, a partnership and retail machinery dealer at Benton, Arkansas. The parties executed a conditional sales contract on a printed form furnished appellees by Allis-Chalmers Manufacturing Company in which appellants promised to pay appellees $662.00 one year from date with interest "at the rate of 8 per cent per annum until maturity and ............ per cent per annum from maturity until paid . . ." The only explanation in the contract with reference to the amount in question is set out in a block which reads:

"Resume of Sale

| | |
|---|---|
| Total purchase price | $600.00 |
| (No insurance or finance charges) | |
| Trade-in | $ 62.00 |
| | |
| | |
| | |
| Cash with order | $ |
| Cash on delivery | $ |
| Unpaid balance | $662.00 |
| (Per foregoing installments)" | |

580

The only items written in on this part of the printed form are the three amounts, $600.00, $62.00 and $662.00; and the word "or" in "(No insurance or finance charges)" was inked out by appellees when the contract was executed.

Appellants had made no payments on the contract on September 1, 1956, when appellees filed this action to recover $662.00 with interest at 8 per cent from the date of the contract until March 24, 1955, plus 10 per cent per annum thereafter until paid and an attorney's fee of 10 per cent of the outstanding balance and costs. In their answer and counterclaim appellants pleaded usury as a defense and asked that the contract be cancelled and title to the power unit vested in them. In their complaint appellees asserted that $662.00 represented the "total credit purchase price" of the power unit and attached a purported true copy of the conditional sales contract as an exhibit which had been radically altered so as to eliminate the term "Trade-in" and show separate cash and credit prices. But in their reply to appellants' counterclaim they alleged the item of $62.00 represented cost of repairs to the unit after they acquired it for $600.00. Trial before the circuit judge without a jury resulted in dismissal of appellants' counterclaim and judgment for appellees in the sum of $833.50 plus 10 per cent attorney's fee and costs as prayed in the complaint. In reaching this conclusion the trial court, over appellants' objection, admitted parol testimony to explain the intention of the parties with reference to the item of $62.00. Appellants argue this was error, and that the judgment is contrary to the law and evidence.

It first should be noted that the $62.00 item is listed in the contract opposite the term "Trade-in" and under the words "No insurance or finance charges", which appellees altered by inking out the word "or". Now it is undisputed that there was no "Trade-in"; and that if there had been, the item should have been subtracted from, rather than added to, the amount of $600.00. In these circumstances we think the trial court was justified in concluding that the contract was ambiguous in this respect and in admitting parol testimony to explain the

intention of the parties. Parol evidence is inadmissible to vary or contradict the provisions of an unambiguous written contract. Where, however, a written contract is ambiguous on its face, parol evidence is admissible to explain it. In such case the contract is neither varied nor contradicted by parol testimony which merely makes certain that which the face of the contract leaves uncertain concerning the intention of the contracting parties. *Montgomery* v. *Ark. Cold Storage & Ice Co.*, 93 Ark. 191, 124 S. W. 768.

E. R. Bragg, one of the partners, acted for appellees in the execution of the contract. Both appellants testified he told them at the time it was executed that the price of the unit was $600.00 to which he was going to add $62.00 interest for a year, and that they agreed to this arrangement; that nothing was said about repairs or "knocking off" the $62.00 if they paid for the unit within 60 days; and that the amount of $62.00 was written just opposite "finance charges" in the carbon copy of the contract furnished them by Mr. Bragg. They did not notice that part of the contract calling for 8 per cent interest in addition to the $62.00 interest charge.

E. R. Bragg testified he told appellants at the time of the execution of the contract that he paid $600.00 for the power unit and spent $62.00 in repairing it; that the term "Trade-in" should have read "Repair bill"; and that he also told appellants he would knock off the $62.00 if they could pay for it within 60 days but they said they might not be able to do so. Thus the clear import of his testimony is that the appellants could have had the unit for $600.00 on the day of sale, or within 60 days thereafter, but if appellees had to wait one year for their money they would be entitled to said cash price of $600.00 plus the amounts of $62.00 and 8 per cent interest until maturity for their forbearance.

In several recent cases we have held that where contracts of this kind include some hidden or unitemized charge or other item with a meaningless label as a part of the carrying charges, then the lender has the burden

of explaining in detail such mysterious or hidden charge, or it will be considered as part of the interest. As we said in *Jones* v. *Jones,* 227 Ark. 836, 301 S. W. 2d 737: "When, as here, the lender writes the contract he has the opportunity to put down in black and white an intelligible description, and the exact amount, of every charge that is being added to the principal of the debt. Last week we pointed out that the practice of attaching meaningless labels to such charges weakens the lender's position when usury is asserted. *Whiddon* v. *Universal C.I.T. Credit Corp.,* 227 Ark. 824, 301 S. W. 2d 567. The same criticism can fairly be made of a contract that gives the borrower no information at all about the deferred charges being exacted by the lender. In either case the trier of the facts is justified in assuming, until he is convinced by proof to the contrary, that the difference between the principal of the loan and the face amount of the contract represents interest on the debt." See also, *Sloan* v. *Sears, Roebuck & Co.,* 228 Ark. 464, 308 S. W. 2d 802. Even if we accept the explanation of Mr. Bragg in the instant case, the cash estimate or price of the power unit was $600.00 and he charged appellants $62.00 plus 8 per cent interest on the principal indebtedness because appellees had to forego payment in cash and wait one year for their money. The mere fact that $62.00 was also the amount of the repairs placed on the unit does not alter the fact that it represented a part of the interest.

The judgment is accordingly reversed and the cause remanded with directions to dismiss the complaint, and enter judgment for appellants on their counterclaim.