486 A.2d 1009

Edward B. WERNER and Scarlett O. Werner, Husband and Wife and Gladys Werner, Executrix of the Estate of Stanley G. Werner, Appellants,

v.

QUALITY SERVICE OIL COMPANY, INC. and Edward B. Werner and Scarlett O. Werner, Husband and Wife, Appellees.

Superior Court of Pennsylvania.

Argued March 15, 1984.

Dec. 28, 1984.

Reargument Denied Jan. 30, 1985.

Petition for Allowance of Appeal Denied June 19, 1985.

266

Armin Feldman, Palmerton, for appellants.

April Cordts, Allentown, for appellees.

Before CAVANAUGH, WIEAND and CIRILLO, JJ.

WIEAND, Judge:

Edward B. Werner and his father, Stanley G. Werner, owned a mobile home as tenants in common. The mobile home was occupied by Edward Werner and Scarlett Werner, husband and wife, who owned the contents of the home as tenants by the entireties. On December 29, 1978, the mobile home and its contents were destroyed by fire. On the prior day, December 28, 1978, a Coleman furnace which

heated the mobile home had been serviced by Quality Service Oil Co., Inc. (Quality). In an action by Edward and Scarlett Werner and by the executrix of Stanley Werner's estate, in which it was alleged that Quality had negligently serviced the heater, a jury found causal negligence and apportioned it as follows: Quality—30%; Edward Werner—45%; Scarlett Werner—25%. The jury also found, apparently because of a misunderstanding regarding its duties, that no damages had been sustained. Post-verdict motions were dismissed, and judgment was entered on the verdict. This appeal followed.

Although appellants argue that the jury's findings were contrary to the weight of the evidence, they have failed to provide us with a transcript of *all* the evidence. Only appellant's testimony has been transcribed; the testimony of Quality's witnesses was not transcribed and is not available for review.

■ From the record available to us, it appears that on the day preceding the fire, the furnace did not function properly. When Edward Werner discovered a puddle of oil at the base of the burner, he called Quality, which promptly sent a repairman. While the repairman was working, Edward observed that fuel oil appeared to be leaking in the interior of the furnace. After the repairman had departed, the furnace appeared to function properly. For sleeping purposes that night, the thermostat was turned down to 60° F. Although Edward heard the furnace running during the night, the mobile home was cold when he arose about 5:00 a.m. Not only was the furnace not operating properly, but oil had again accumulated at the base of the burner. Therefore, Edward turned off the thermostat, cleaned up the oil, and again called Quality. Scarlett, who worked nights, returned home about 7:30 a.m. Edward instructed her not to turn on the furnace until Quality's repairman arrived. Scarlett told Edward that it was too cold in the trailer and turned on the furnace. She left shortly thereafter to go to

the store. A short time later, Edward observed smoke emanating from the air vents and again turned off the furnace. Then he saw flames coming from the base of the furnace. As he attempted to extinguish the flames, he discovered fire under the floor of the mobile home. The ensuing fire destroyed the home and all its contents. The trial court found that the jury's findings were not contrary to the weight of the evidence. We find no reason to disagree.

It is also contended that the trial court erred in five instances in which it declined to read to the jury points for charge which appellants had submitted. The refusal to give a proper instruction requested by a party is ground for a new trial only if the substance thereof has not otherwise been covered by the trial court's general charge. *Butler v. DeLuca*, 329 Pa.Super. 383, 390, 478 A.2d 840, 844 (1984). In this case the duty of care owed by Quality's employees was adequately covered by the court's instructions to the jury. Therefore, the court's failure to read the points submitted by appellants regarding the general degree of care owed by Quality to its customers was not error.

Defense counsel's question to Gladys Werner regarding whether she believed that Scarlett Werner had been unaware of an oil leak was improper. However, the question was answered in such a manner that appellants were benefitted, not harmed, by the answer. The question alone, therefore, is not a basis for awarding a new trial. See: *Anderson v. Hughes*, 417 Pa. 87, 92, 208 A.2d 789, 791 (1965).

The Comparative Negligence Law, 42 Pa.C.S. § 7102(a) provides:

> In all actions brought to recover damages for negligence resulting in death or injury to person or property, the fact that the plaintiff may have been guilty of contributory negligence shall not bar a recovery by the plaintiff

or his legal representative where such negligence was not greater than the causal negligence of the defendant or defendants against whom recovery is sought, but any damages sustained by the plaintiff shall be diminished in proportion to the amount of negligence attributed to the plaintiff.

■■■ A tenancy by the entireties is an estate "per tout et non per my." *Maxwell v. Saylor*, 359 Pa. 94, 96, 58 A.2d 355, 356 (1948). "The incidents of such an estate are unity of interest, title, time and possession...." *Berhalter v. Berhalter*, 315 Pa. 225, 227, 173 A. 172, 173 (1934). Each spouse has title to the whole of the property and not to any share or divisible part thereof. *Zipperlein Estate*, 367 Pa. 622, 624, 80 A.2d 817, 818 (1951); *Gallagher Estate*, 352 Pa. 476, 478, 43 A.2d 132, 133 (1945). Where, as here, husband and wife are seeking to recover damages for destruction of property owned by the entireties, the claimant is, in effect, the tenancy by the entireties. Therefore, the negligent acts of the spouses must be combined for purposes of applying the Comparative Negligence Law. Here, the husband's causative negligence was found to be 45%, and the wife's causative negligence was 25%. In view of these findings there can be no recovery for damage or destruction of property owned by husband and wife as tenants by the entireties against a third person whose causative negligence was only 30%. Cf. *Neiman v. Watkins*, 204 Pa.Super. 13, 201 A.2d 238 (1964). The judgment for appellee on the claim for destroyed contents of the mobile home, therefore, was proper.

■■■ A tenancy in common rests upon different principles. "A tenancy in common is an estate in which there is a unity of possession but separate and distinct titles...." 14 P.L.E. Estates in Property § 41 (1959). Thus, a tenant in common may, without the consent of his cotenant, sell, convey or dispose of his undivided interest in the property. Similarly, he can maintain an action at law to recover

monetary damages for injury done to his interest in the property.

The mobile home was owned by Edward Werner and Stanley Werner as tenants in common. When the trailer was destroyed by fire, each had a legally cognizable claim for destruction of his undivided one-half interest therein. This was not altered merely because Edward and Gladys, the executrix and widow of the co-tenant, filed a joint action. What then is the effect of the Comparative Negligence Law in view of the jury's findings regarding causative negligence?

■ Stanley, of course, was not negligent. Therefore, his estate can recover in full the damages caused to his interest from those named defendants "against whom recovery [was] sought" and whose negligence was causally responsible for the destruction of the trailer. These defendants were Quality, and also Edward and Scarlett Werner. Their respective liabilities must be apportioned in accordance with the jury's findings.

■ A similar result obtains as to the interest of Edward Werner. In view of the fact that his causal negligence (45%) did not exceed the causal negligence of the defendants against whom recovery was sought, i.e., Quality (30%) and Scarlett Werner (25%), his own negligence does not bar recovery. See: *Elder v. Orluck,* 334 Pa.Super. 329, 483 A.2d 474 (1984). The damages sustained by the destruction of his undivided interest in the trailer, however, must be diminished in proportion to the amount of his own causal negligence.

The jury's failure to award damages for the loss of the mobile home was erroneous and clearly contrary to the evidence. The mobile home had an undetermined value prior to the fire, and the owners thereof were entitled to be compensated therefor in accordance with the jury's findings regarding causal negligence. Because of the jury's omission, it is necessary that the claim of Edward Werner and

Gladys Werner, Executrix, be remanded for a new trial to determine the damages sustained by virtue of the destruction of the mobile home.

Prior to trial, Edward Werner had compiled from memory a list of items destroyed by the fire. The list included the price paid for the mobile home in 1968 and the cost of later improvements made thereto.[1] This information was submitted to and was the basis for an appraisal made by a professional appraiser, Curtis Houser. Houser testified at trial and expressed an opinion that the mobile home had a value of $10,300.00 on the day of the fire. The owner, Edward Werner, was not asked at trial and did not testify concerning the value of the mobile home. Nevertheless, counsel for Quality was permitted, over objection, to elicit during cross-examination of Edward Werner that he had insured the mobile home for only $3,000.00. Before resting his case, plaintiffs' counsel offered into evidence Houser's written appraisal, to which there had been attached the list prepared by Edward Werner. It was received without objection.

■ As a general rule, the amount for which property is insured does not afford a test of value having sufficient probative effect to be admissible. *Pittsburgh Forge & Iron Co. v. Dravo Contracting Co.*, 272 Pa. 118, 124, 116 A. 147, 150 (1922); 31A C.J.S., Evidence § 183(1) (1964). Compare: *Glider v. Commonwealth of Pennsylvania, Department of Highways*, 435 Pa. 140, 255 A.2d 542 (1969). Where a policy of insurance contains an assigned value of property, however, some courts have held that the assigned value may be used for impeachment purposes when an owner attributes at trial a value widely at variance with the value he placed on the property under the insurance policy. See: *Kelley v. Sonny Boy Appaloosas, Ltd.*, 491 P.2d 67, 71

---

1. The list also included the contents of the mobile home. We are not concerned with that property, however, because there can be no recovery for the contents in view of the jury's findings regarding negligence.

(Colo.Ct.App.1971). See also: *Blount v. McCurdy*, 267 Ark. 989, 593 S.W.2d 468, 470 (Ark.Ct.App.1980). Contemporary decisions have gone further and have held, in the discretion of the trial court, that where the amount of insurance placed on property suggests an estimate of value by the owner which is inconsistent with that testified to by him, the amount of insurance may be used for impeachment purposes. See: 31A C.J.S. Evidence § 182(1) (1964). See also: *Maxwell v. Iowa State Highway Commission*, 223 Iowa 159, 166, 271 N.W. 883, 887 (1937), 118 A.L.R. 862, 868–869 (1939); *Holmes v. Rivers*, 145 Iowa 702, 707, 124 N.W. 801, 803 (1910); *Commonwealth Department of Highways v. Finley*, 371 S.W.2d 854, 855 n. 1 (Ky.1963); *McDowell v. Schuette*, 610 S.W.2d 29, 41 (Mo.Ct.App.1980).

Here, however, Edward Werner had not expressed an opinion regarding the value of his mobile home. He had simply provided an appraiser with original prices paid for the home and improvements, and from this the appraiser had formulated an opinion as to the value of the mobile home at the time of the fire. Thus, there was no testimony of value by the owner that was subject to impeachment by showing the amount for which the mobile home had been insured. Moreover, as we have observed, the amount for which the mobile home had been insured was not sufficiently probative of value to be admissible. The receipt of this evidence, therefore, was error. For this additional reason, a new trial is necessary to determine the value of the mobile home at the time when it was destroyed by fire.

The judgment in favor of the defendant in the claim for damages to the contents of the mobile home is affirmed. The judgment disallowing recovery on the claim for damages to the mobile home is reversed, and that claim is remanded for a new trial for the sole purpose of determining the value of the mobile home at the time of its destruction.