**In re James P. SCIPIO, Debtor.**

**Bankruptcy No. 96–1–2795–DK.**

United States Bankruptcy Court,
D. Maryland,
at Greenbelt.

Nov. 26, 1996.

Gary A. Rubard, Temple Hills, MD, for Creditor.

Thomas L. Lackey, Chapter 13 Trustee, Bowie, MD.

Michael T.M. Shannon, Greenbelt, MD, for Debtor.

### MEMORANDUM OF DECISION

DUNCAN W. KEIR, Bankruptcy Judge.

At the time of the filing of the petition on April 15, 1996 instituting this case, debtor was the owner of a tenant-in-common interest in property known as 300 East Tantallon Drive, Fort Washington, Maryland. The co-tenant was Wanda Sanders ("Sanders"). Sanders instituted a complaint for partition of the property in the Circuit Court for Prince George's County, Case No. CAE–93–05274 ("Partition Suit"), prior to the bankruptcy filing.

On March 15, 1996, the Circuit Court for Prince George's County entered a Consent Order providing that the debtor (defendant therein) "shall pay unto the Plaintiff [Sand-ers] the sum of Twenty Thousand Dollars ($20,000.00) in consideration for the Plaintiff's transfer to the Defendant [debtor] of all her right, title, and interest in and to the real property. . . ." The Consent Order further required that the debtor cause Sanders to be relieved of all financial obligations in connection with the property. The source of funding and vehicle for obtaining the release of Sanders was to be a refinancing of the property which was required to be completed within 30 days of the date of the Consent Order. Finally, the Consent Order provided that in the event the debtor was unable to complete settlement on or before the aforesaid date, a trustee, appointed by the Circuit Court for Prince George's County, would be immediately instructed to sell the property forthwith.

On the 31st day after the day of the Consent Order, debtor filed the instant Chapter 13 case. In his Amended Chapter 13 Plan, debtor proposes to pay the "claim of Wanda Sanders, allowed at $20,000.00 plus interest of 3.5% per annum" in full under the 42 month plan. The plan further provides that "[u]pon payment in full of her claim, the ownership interest of Wanda Sanders in said real estate, shall be extinguished."

Sanders has filed a proof of claim in this case asserting a secured claim in the amount of $40,000.00. The debtor has objected to the allowance of this claim. Sanders has objected to the confirmation of the debtor's amended plan.

For the reasons set forth on the record at a hearing on confirmation held on October 24, 1996, this court by separate order denied confirmation of debtor's plan with leave to amend. As to the debtor's objection to claim, and Sanders' response thereto, the court has reviewed these pleadings and finds that the facts and legal arguments are adequately presented in the materials before it, and that a hearing would not aid the decisional process.

Sanders attached to her proof of claim a copy of the aforesaid Consent Order as the basis for the claim. Accordingly, it appears Sanders asserts her $40,000.00 claim based upon her co-ownership of the subject

property and the terms of the Consent Order. However, neither tenant-in-common owes to the other tenant-in-common a duty to purchase from her co-tenant the co-tenancy interest. As a result, a co-tenant has no rights under state law to offer her interest in the property to the remaining co-tenant(s) and demand payment. Thus, it is clear that prior to the entry of the Consent Order, Sanders held no right to payment from the debtor. Each co-tenant held an undivided interest in the subject property which could be separately transferred by a tenant-in-common. *Werner v. Quality Serv. Oil Co.,* 337 Pa.Super.Ct. 264, 270, 486 A.2d 1009, 1012 (1984); *cf. Morris v. Wilson,* 187 Md. 217, 226, 49 A.2d 458, 462 (1946). In addition, each co-tenant held the right to seek a partition and sale of the entire property from the state court with a division of the proceeds from sale in accordance with the co-tenancy rights of the parties. Md.Code Ann., Real Prop. § 14–107 (1996); *Lentz v. Dypsky,* 49 Md.App. 97, 430 A.2d 109 (Md.Ct. Spec.App.1981).

■ After availing herself of the right to seek partition, and the entry of an Order by the Circuit Court for Prince George's County appointing a trustee to sell the property, the parties entered into the Consent Order affording the debtor a limited opportunity to purchase Sanders' interest in the property at a fixed price. Part of the required consideration to be provided by the debtor for the purchase of the property was the release of Sanders from any mortgage obligation upon the property. Finally, under the terms of the Consent Order, if the purchase was not completed in accordance with those terms within 30 days, the exclusive remedy of Sanders under the Consent Order was that the trustee appointed to sell under the partition order of the Circuit Court would go forward and dispose of the property.

The Consent Order does not confer upon Sanders a right to collect any amounts from the debtor, if the debtor failed to perform the purchase set forth in the Consent Order.

Thus, neither the common law relationship between the parties, nor the Consent Order entered in the Circuit Court, forms a basis for a money claim against the debtor in this bankruptcy case. For this reason, Sanders' claim shall be disallowed in full.

■ At most, the Consent Order placed the parties in a relationship akin to that of an executory contract. Although the trustee [1] may move to assume an executory contract in existence on the petition date pursuant to 11 U.S.C. § 365, no such motion has been filed in this case. Nor does it appear that the right of the debtor to purchase the interest of Sanders was an executory right which was enforceable on the date of the petition in bankruptcy. The 30 day period set forth in the Consent Order within which debtor was required to tender payment had expired immediately prior to the filing of the petition in bankruptcy. Although the period of performance under an executory contract may be tolled by the right to cure default under § 365 in some circumstances, a debtor may not resuscitate a contract right which has terminated by expiration before the petition date. *Moody v. Amoco Oil Co.,* 734 F.2d 1200, 1214–16 (7th Cir.1984), *cert. denied,* 469 U.S. 982, 105 S.Ct. 386, 83 L.Ed.2d 321 (1984).

■ 11 U.S.C. § 362(a)(3) stays any act to obtain possession or control over property of the estate. This stay currently prohibits the state court appointed trustee in the partition case from moving forward to liquidate the interests of both the debtor (*i.e.* the estate) and Sanders. As no relief from stay has been sought by Sanders, the partition case remains stayed at this time.

An Order in conformity with this Memorandum of Decision shall be entered disallowing the claim.

---

1. There is a question as to whether a debtor under Chapter 13 may exercise the rights of the trustee to assume a contract. Courts have allowed this result in some cases involving the rental of residential real estate. *See* 1 Keith M. Lundin, *Chapter 13 Bankruptcy* § 3.47 (2d ed.1994).