# Bell v. Singletary

C.P. of Monroe County, No. 8026 CIVIL 2013

*Andrew J. Katsock, III*, for plaintiff.

*James A. Diamond, Robert Hannen* and *Ellen D. Bailey*, for defendants Citizens Bank.

*Paul Johnston*, for defendant Delores Singletary.

WILLIAMSON, *J.*, January 8, 2014—This matter comes before the court on defendant Citizens Bank of Pennsylvania's preliminary objections to plaintiff's complaint. Defendant contends plaintiff's complaint is legally insufficient and lacks specificity.

This case arises out of a deed executed in favor of defendant Singletary by the decedent, Ollie Johnson, Sr., a will and codicil of Ollie Johnson, Sr., and a note and mortgage executed by Singletary after the death of the decedent. The following is a timeline of events as set forth in plaintiffs complaint:

June 3, 1998 — Ollie Johnson, Sr. (decedent) executes a Last Will and Testament leaving his entire Estate equally to his five (5) children, including defendant Singletary and the executrix bell.

December 23, 1998 — Decedent executes a deed conveying a one-half interest he had in property known as Lot 1762 section H, Pocono Farms, Coolbaugh Township, Monroe County, Pennsylvania to defendant Singletary.

January 12, 1999 — the deed is recorded.

April 1, 1999 — Decedent executed a Codicil wherein he named defendant Singletary as beneficiary of a one-

half interest in the Lot 1762 Sec. H Pocono Farms property (real property) and all personal property to go equally to all of his children.

October 18, 2004 — Decedent dies.

March 16, 2007 — Defendant Singletary executes a note and mortgage in favor of defendant Citizens bank of Pennsylvania with the mortgage encumbering the Lot 1762 Sec. H. Pocono Farms property as collateral.

June 5, 2007 the mortgage is recorded.

November 4, 2011 — Plaintiff is granted letters of testamentary for the Estate of Ollie Johnson, Sr.

September 16, 2013 — Plaintiff files this suit.

Plaintiff contends in her complaint that defendant Singletary only had a one-half interest in the real property at the time she executed the note and mortgage and the estate retained the other one-half interest. Plaintiff states defendant had no authority from the estate to encumber the one-half interest of the estate with the mortgage to Citizens. Plaintiff alleges defendant Singletary misappropriated estate property, committed fraud, and was unjustly enriched. Plaintiff also raised claims against Citizens Bank of Pennsylvania, and a John Doe Title Insurance Company that closed on the loan. Plaintiff alleges Citizens Bank engaged in fraud and misappropriation with defendant Singletary, with regard to the note and mortgage.

Citizens has raised in their preliminary objections that the undisputed allegations of plaintiff's complaint show Singletary was the sole owner of the real property at the time of execution of the note and mortgage, and that plaintiff failed to raise an estate within one year of the

decedent's death. Citizens argues that as a result, plaintiff's claims are barred, and they are entitled to a demurrer.

Citizen's preliminary objections are based upon insufficient specificity in the complaint under Pa. R.C.P. 1028 (a)(3) and legal insufficiency under Pa. R.C.P. 1028 (a)(4). In reviewing preliminary objections, the court must rely on the facts as solely derived from the complaint. *Bilt-Rite Contractors, Inc. v. The Architectural Studio*, 581 Pa. 454, 866 A.2d 270 (2005). The court must accept all well-pleaded facts from the complaint, and if those facts fail to support a claim upon which relief can be granted, preliminary objections in the nature of a demurrer shall be sustained. *Connor v. Archdiocese of Philadelphia*, 601 Pa. 577 (2009); *Sunbeam Corp. v. Liberty Mutual Ins. Co.*, 781 A.2d 1185 (Pa. 2001). The preliminary objections cannot be based on facts outside of the complaint, or they will be dismissed as a "speaking demurrer." *Martin v. Dept. of Transp.*, 556 A.2d 969 (Pa. Cmwlth. 1989).

A pleading is insufficiently specific if it is not sufficiently clear to enable a party to prepare a defense. *See Estate of Swift v. Northeastern Hosp. of Philadelphia*, 456 Pa. Super. 330, 690 A.2d 719 (1997). Defendant alleges the complaint is insufficiently specific. We find the reasons set forth by citizens for insufficient specificity are more adequately addressed in their objection for legal insufficiency.

Plaintiff claims defendant Singletary had at the time of the decedent's death, at most, a one-half interest in common with decedent in the real property. A party who owns an interest in real estate as a tenant in common, owns a separate and distinct undivided title, in which they have the full legal authority, without the need for

consent from any other tenant in common, to encumber, or even sell, that one-half interest. *See In re Estate of Quick*, 588 Pa. 485, 905 A.2d 471 (2006); *In re Sale of Property of Dalessio*, 657 A.2d 1386 (Pa. Cmwlth. 1995), citing *Werner v. Quality Service Oil Co., Inc.*, 337 Pa. Super. 264, 486 A.2d 1009 (1984); accord, *United States v. Craft*, 535 U.S. 274, 122 S. Ct. 1414 (2002) (noting that even under English Common Law, it has always been the case that tenants in common may unilaterally sell, gift or encumber their shares therein). It is well settled that each tenant in common may convey, encumber or devise his or her undivided interest in real property. *See* Ladner Pennsylvania Real Estate Law, Section 8.03, p. 8-6 (Bisel 5th ed. 2006).

The complaint contains allegations and a deed attached as an exhibit, clearly indicating that defendant Singletary had at least a one-half interest as tenant in common with the decedent at the time of the decedent's death. The complaint alleges that almost three years after the decedent's death, Singletary signed the note and mortgage. Singletary clearly had at least a one-half interest that could be encumbered at that time. She had at least a one-half interest as tenant in common from the 1998 deed. Therefore, based on plaintiff's own undisputed factual allegations, Singletary had a one-half interest that she could encumber with the mortgage. The mortgage encumbering the property, as executed by Singletary, would only have legal effect on whatever interest she had in the property, since only she executed the mortgage. *See* Ladner on Pennsylvania Real Estate Law, *supra*. This by itself is enough for plaintiff's claims to fail to support a cause of action. The note signed by Singletary had no effect on the plaintiff. It effected Singletary only. The

mortgage was only secured on Singletary's portion of the interest, which interest, as a tenant in common, could be encumbered. Therefore, citizens could not have committed fraud nor misappropriated estate assets as a result of the transaction.

We find the language of the deed, in the absence of specific language granting a right of survivorship, granted a tenancy in common. It is well settled that unless a deed contains language that specifically delineates a joint tenancy with right of survivorship, two parties who are not married are presumed to hold title as tenants in common. *See Ladner, supra.* Absent specific language stating a joint tenancy with a right of survivorship, we must interpret the deed as conveying a one-half interest in common. Therefore, there was not an automatic transfer of decedent's one-half interest at the time of his death by a right of survivorship. However, as stated above, Singletary had at least a valid one-half interest in the real property at the time she executed the mortgage and note to citizens, and therefore, she had a mortgagable interest. Under these facts as set forth by the plaintiff, there can be no claim of fraud.

The plaintiff also fails to state a claim upon which relief can be granted because the complaint establishes Singletary's legal interest in the entire fee simple of the real estate upon the death of the decedent. The 1999 codicil, executed after the decedent executed the deed, made a specific bequest of the real property to Singletary. It stated in part:

"3. *Specific Bequest of Real Property*; I *give* one-half of my home and residence to my daughter, Delores Singletary . . . ."

[Complaint exh. 3 (emphasis added)].

The word "give" customarily means to transfer ownership or possession without compensation. *See* Black's Law Dictionary, Sixth Ed. 1990. Under Pennsylvania Probate Law, the word "give" is traditionally recognized to effect a testamentary disposition in a Will, including real property distribution. *See* e.g. 5 Bongiovanni Pennsylvania Transaction Guide — Legal Forms Section 73.23 (Matthew Bender 2007).

As the decedent had a one-half tenancy in common interest in the real property at the time he executed the 1999 codicil, the unambiguous intention of the codicil was to convey his remaining interest to Singletary at the time of his death. This is apparent from the documents attached to plaintiff's complaint and the facts alleged therein. Any ambiguity would be decided by Pennsylvania's statutory rules of will interpretation as follows:

"In the absence of a contrary intent appearing therein, wills shall be construed as to real and personal estate in accordance with the following rules:

...

(3) *Devises of real estate*

All devises of real estate shall pass the whole estate of the testator in the premises devised, although there be no words of inheritance or of perpetuity."

20 Pa. C.S.A.2514

Legal title in real estate passes at the moment of death and vests in the devisee. *See* 20 Pa. C.S.A. 301; *In re: Estate of Peterson*, 649 A.2d 1007 (Pa. Cmwlth. 1994). As

the decedent only had a one-half interest in the real estate at the time he executed the codicil and at his death, it is clear his intention was to transfer this remaining interest to Singletary. Plaintiff's complaint incorporating the deed and the decedent's codicil, without sufficient facts alleged otherwise, leads to the conclusion that Singletary obtained a full legal interest in the entire fee simple real estate at the time of the decedent's death in 2004. Although no estate was raised prior to Singletary signing the note and mortgage in order to formally deed the interest to Singletary, it is clear Singletary had a full interest in the real estate as of 2007. Plaintiff may argue the codicil did not convey the remaining one-half interest to Singletary, but this is not a will contest. The complaint and the documents attached thereto, while viewing all facts as alleged by the plaintiff, lead to the conclusion that Singletary had a full interest in the real estate, and thus, plaintiff has not stated a legal cause of action.

Finally, plaintiff's claims fail to raise a cause of action because the estate was presented for probate more than one year after the decedent's date of death. Pennsylvania's Probate Code states as follows:

"(c) *Effect upon Grantee or Lienholder* —

A will offered for original or subsequent probate more than one-year after the testator's death shall be void against a bona fide grantee or holder of a lien on real estate of the testator if the conveyance or lien is entered of record before the will is offered for probate."

20 Pa. C.S.A. 3133(c).

Based upon statutory authority, even accepting all of the facts and supporting documents of plaintiff's complaint

as true, the deed conveying a one-half interest and the mortgage lien on the property are automatically valid. The complaint alleges both transactions were done more than one year prior to probate of the will. Therefore, plaintiff cannot now question the validity of these two transactions as it relates to any contrary interest or instructions of the will. As it is, the codicil attached to plaintiff's complaint leaves no doubt of a complete transfer and ownership of the real property to Singletary. However, even assuming such codicil does not convey the remaining interest, for the reasons set forth earlier, Singletary was still able to encumber her one-half interest, and the deed and mortgage cannot now be set aside even if the will has a contrary intent. From all of the facts alleged, there appears to have been a bona fide transfer to Singletary by the deed, and a bona fide lien by defendant citizens. Therefore, there can be no fraud or misappropriation by citizens under the law based upon the facts alleged by the plaintiff.

Plaintiff fails to allege any extraordinary reason justifying her delay in filing for probate. Plaintiff fails to allege any extraordinary reason why the one-half tenancy in common passing to Singletary under the codicil at time of the decedent's death should not pass to Singletary. Plaintiff fails to allege any other reason she should receive special treatment, or to justify the delay in passing title and interest in the real property to Singletary without effect on citizen's mortgage interest. Under the circumstances as plead, the statutory bar of 20 Pa. C.S.A. 3133 alone prevents plaintiff's cause of action against Singletary. For these reasons, we find plaintiff's complaint is legally insufficient and we will grant defendant Citizens Bank of Pennsylvania's preliminary objections. As all of the facts raised by citizens were set forth in plaintiff's complaint

and the exhibits attached thereto, the demurrer must be granted. Therefore, we need not consider or address defendant's request for a more specific pleading. As the plaintiff cannot set forth grounds upon which relief can be granted, the complaint will be dismissed.

## ORDER

And now, this 8th day of January, 2014, upon preliminary objections of defendant, Citizens Bank of Pennsylvania, it is ordered and decreed as follows:

The preliminary objection in the nature of a demurrer is sustained and plaintiff's complaint against Citizens Bank of Pennsylvania is dismissed with prejudice.